San Patricio Corporation, Plaintiff and Appellee, *v.* Roberto Colón, Defendant and Appellant. San Patricio Corporation, Plantiff and Appellee, *v.* Roberto Colón et ux., Defendants and Appellants.

Nos. 9190 and 9191. Argued February 12, 1946.—Decided April 11, 1946.

*Román Díaz Collazo* for appellants.  *E. T. Fiddler, José G. González, Jorge M. Morales, Tomás I. Nido, Ramón Luis Nevares,* and *Mariano Canales Delgado* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Harold I. Sewall sold to San Patricio Corporation a parcel of land which the purchaser bound itself to urbanize subject to certain restrictions stated in the deed.  In that same deed Sewall constituted in favor of the parcel sold a permanent servitude of right of way across the property from which the parcel was segregated.  The dimensions of the strip of land over which the road was to be laid were not specified but as to said data the deed referred to a subdivision plat of the San Patricio Corporation drawn up by surveyors Galib and Ramírez Alberty on August 12, 1940, which plat formed part of the deed of sale.

The road when constructed was given a width of 30 feet, that is, 20 feet of pavement and 5 feet on each side in all its length for pedestrians and drainage. The length of the road was 1,070 feet, which was sufficient to give the residents of the subdivision an exit to the road called San Patricio which in turn is connected with Insular Highway No. 2. The construction of the road was paid by Sewall and the San Patricio Corporation and to this end they deposited in the Chase National Bank of San Juan the amount of $4,000 which was paid to the contractor after the work had been accepted by Sewall and San Patricio Corporation.

After the road was built, Sewall sold the remaining part of the main property, that is, the servient tenement, to Roberto Colón and his wife Ana María Romeu. Colón took possession of the servient tenement on December 14, 1942, and a year later he put up a wire fence on each side of the road pavement in all its length, thereby reducing its width to 20 feet and cutting off that part which was devoted to pedestrians and drainage. When he was required by San Patricio Corporation to remove the fences, he refused and on March 29, 1944, the corporation filed in the lower court civil action No. R–442 against him and his wife. Plaintiff prayed for judgment decreeing that the servitude constituted by Sewall has a width of 30 feet and that the plaintiff is entitled to the use thereof; that by reason of being partially deprived of the use of the servitude, plaintiff has suffered damages in the amount of $5,000; that a preliminary, and later a permanent, injunction be issued ordering the defendants, his agents and employees, to remove said fences and enjoining them from obstructing plaintiff in the future in the just use of its right of servitude.

While this case was pending, San Patricio Corporation on May 4, 1944, filed in the same court action No. 541 against Roberto Colón. It alleged as a cause of action that the aforesaid road built on the servient tenement was obstructed by

Colón who dug two [1] ditches across the road in two different places; that the traffic over said road had become so difficult and dangerous that some dealers had refused to deliver goods purchased by the residents of the subdivision at their homes; that the ditches were opened against plaintiff's express will; that this act of the defendant has caused plaintiff irreparable damages which can not be measured in dollars and cents. The complaint closes by praying that a preliminary writ of injunction be issued ordering the defendant to refill the ditches or channels described above; that in due time an injunction be issued against the defendant enjoining him from opening new ditches and from obstructing plaintiff and its assigns in the just use and enjoyment of said road adjudging them to pay costs and attorney's fees and that plaintiff be granted also any other remedy consistent with the pleadings.

In the trial both cases were consolidated and judgment rendered in each one issuing the injunctions sought and adjudging the defendant to pay costs in both cases and attorney's fees for $300 in case No. 442 and $200 in case No. 541. Appeals have been taken from these judgments. For the purposes of this opinion we have also consolidated both appeals.

The first question raised by the appellants is that the court erred in dismissing their objections to the complaint in civil case No. 442. They alleged in their objections (a) that the complaint is ambiguous; (b) that it contains a multiplicity of actions; and (c) that it does not state facts sufficient to constitute a cause of action.

Upon discussing these questions appellants lay great stress on the fact that the plaintiff appellee did not specifically mention the action brought, but simply called it

---

[1] It was alleged in the complaint that defendant dug three ditches but at the trial the complaint was amended to the effect that only two ditches had been dug by the defendant.

"civil action." The name given to an action or the failure to give it any name does not affect the cause of action sought to be exercised. Rules of Civil Procedure 81 (*b*). If as in the present case the complaint alleges that the plaintiff is the owner of a parcel of land described in the complaint; that a servitude of right of way has been constituted in favor of said parcel and over an estate belonging to the defendants and that the latter are depriving plaintiff of the use of said servitude, there is no doubt that plaintiff's right has been invaded by the defendants,[2] and in order to safeguard this right the law affords a remedy. The remedy sought by plaintiff, as disclosed by the averments and the prayer of the complaint is the declaration of the existence of a servitude, and, consequently, that a preliminary writ of injunction and later a permanent writ be issued ordering the defendants and its agents to remove or destroy the fences which obstruct the traffic of the road built on the strip of land over which the servitude was constituted.

We do not see any ambiguity in the complaint and the circumstance that the facts alleged therein may be susceptible to different remedies in favor of the plaintiffs does not mean that the complaint is ambiguous or that it alleges a multiplicity of actions.

Even though the plaintiff has not given any name to the action brought in case No. 442 (lower court), the facts alleged constitute an action for the establishment of a servitude (*acción confesoria*) and the only manner of protecting the use of said easement is by ordering the invader of such right to remove the obstacle and to refrain in the future from impairing plaintiff's right. Whether it be labeled an order or an injunction, at all events what the court does is to order the removal of the obstacle and take the necessary steps to prevent the repetition of any impairment of the right

---

[2] Section 481 of the Civil Code (1930 ed.) in its pertinent part provides:
"The owner of the servient tenement cannot impair, in any manner whatsoever, the use of an established servitude."

of servitude. Therefore the lower court did not err in dismissing the objections set up by the defendants in case No. 442..

██ In both cases appellants admitted the existence of the easement but they maintain that its width is 20 feet and not 30 feet, as alleged by the plaintiff, and that this being so, when they fenced both strips of land 5 feet wide they did not invade any right of the plaintiff.

In fact the deed of sale in favor of the corporation did not state the width of the servitude but it refers to the subdivision plat above mentioned for the determination of the strip of land affected by the servitude. This plat was not presented in evidence by any of the parties, but plaintiff's witness, Manuel Rivera Ferrer, testified without any objection on the part of the defendants that in the plat the dimensions of the servitude appeared as of 30 feet wide by 1,070 long. This being so when defendants put up the fences in question they deprived plaintiff of the use of the servitude. They also prejudiced that same right by opening two ditches or channels on the pavement of the road. Consequently, the trial court did not err in decreeing the injunction in both cases. Neither did it err in ordering defendants appellants to pay attorney's fees, since their obstinacy in depriving plaintiff of the use of the servitude of whose existence they were perfectly aware, is manifest, and the fact that plaintiff could not prove the amount of the damages sustained does not preclude the court from imposing attorney's fees. *Mercado* v. *American Railroad Co.*, 61 P.R.R. 222 and *Ramos* v. *García*, 62 P.R.R. 392.

For the reasons stated the judgment appealed from must be affirmed.